UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20917-RAR

**FAST RESPONSE MARINE
TOWING & SALVAGE, LLC**,

    Plaintiff,

v.

**M/V BAD HABITS,** *in rem*, and
**JULIO ALBERTO RODRIGUEZ
CONCEPCION**, *in personam*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO SET ASIDE DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court on Defendant Julio Alberto Rodriguez Concepcion's Motion to Set Aside Default Final Judgment ("Motion"), [ECF No. 16]. After reviewing the Motion, Plaintiff's Response in Opposition ("Response"), [ECF No. 20], and Defendants' Reply ("Reply"), [ECF No. 22], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 16], is **GRANTED** for the reasons set forth below.

## BACKGROUND

Plaintiff filed this action on February 26, 2025, against the Defendant Vessel, the M/V Bad Habits (the "Vessel"), *in rem*, and against its owner, Julio Alberto Rodriguez Concepcion, *in personam*, as a result of Plaintiff's salvage of the Vessel. *See* Compl., [ECF No. 1]. Plaintiff specifically alleged that Plaintiff assisted Defendant in extinguishing a fire onboard the Vessel and provided resources to the Miami Fire Department in dewatering the Vessel as they continued to fight the fire. *See generally id.* Plaintiff further alleged that, despite the services rendered,

Defendant refused to provide contact information and complete Plaintiff's salvage agreement, absconding with the Vessel in the days following the incident. *Id*.

Defendant was properly served on April 17, 2025. *See* [ECF No. 5]. After Defendant failed to file a response or answer within the time permitted under the Federal Rules of Civil Procedure, the Court entered an Order to Show Cause requiring Defendant to respond or answer before May 16, 2025—and warning that failure to comply with the Order would result in the entry of default against Defendant without further notice. [ECF No. 6]. When the deadline came and went without any action by Defendant, the Court entered an Order on May 19, 2025, directing the Clerk to enter a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [ECF No. 7]. Accordingly, a Clerk's Entry of Default was entered that same day. [ECF No. 8]. On September 30, 2025, the Court granted Plaintiff's Motion for Default Judgment, [ECF No. 9], and entered a Default Final Judgment as to Defendant Julio Alberto Rodriguez Concepcion. *See* [ECF Nos. 12, 13]. The Default Final Judgment awarded Plaintiff $150,000.00, as well as $11,949.30 in pre-judgment interest and post-judgment interest at the statutorily defined rates. [ECF No. 13] ¶ 1.

Following the entry of Default Final Judgment, on October 14, 2025, Defendant filed the instant Motion, [ECF No. 16], contending that he did not respond to the Complaint because he had authorized his prior counsel to partake in settlement negotiations, and was unaware that Plaintiff sought a default judgment against him, having "never received a copy of Plaintiff's Motion for Entry of Final Default Judgment and having never been advised by his counsel of the implications of that Motion." Mot. at 3. On November 13, 2025, the Court held an evidentiary hearing ("Hearing") on Plaintiff's Expedited Motion for Show Cause Hearing on Why Defendant Julio Alberto Rodriguez Concepcion Should Not Be Held in Civil Contempt for Noncompliance with

Default Final Judgment, [ECF No. 18].  *See* [ECF No. 25].  At the Hearing, the Court also considered and heard argument on Defendant's Motion.

## LEGAL STANDARD

A Court "may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *See* FED. R. CIV. P. 60(b).

Rule 60(b) "should be construed in order to do substantial justice" and "[t]he provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).  Because "Rule 60(b) motions are directed to the sound discretion of the district court," the Eleventh Circuit "will set aside the denial of relief from such motion only for abuse of that discretion." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 n. 2 (11th Cir.1996).

In the context of Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993).  "The determination of what

constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Relevant considerations include the *Pioneer* factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. In addition, a defaulting party must show that "it had a meritorious defense that might have affected the outcome." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Rule 60(b)(6) is a "catchall provision that . . . covers 'any *other* reason' that justifies relief; that is, Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). Thus, "relief under Rule 60(b)(6) is available 'only when Rules 60(b)(1) through (b)(5) are inapplicable.'" *Id*. (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022). Rule 60(b)(6) therefore "has been described as 'a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" *Griffin*, 722 F.2d at 680 (quoting 7 J. Lucas & J. Moore, Moore's Federal Practice ¶ 60.27[2] at 375 (2d ed. 1982)). However, to preserve the finality of judgments, the Supreme Court has "consistently reaffirmed that Rule 60(b)(6) should only be applied in extraordinary circumstances." *BLOM Bank SAL*, 605 U.S. at 212 (internal quotations and citations omitted). Thus, "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin*, 722 F.2d at 680 (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).

## ANALYSIS

Defendant seeks to set aside the Court's Default Final Judgment under Rule 60(b)(1) and Rule 60(b)(6). With respect to its Rule 60(b)(1) argument, Defendant asserts that it has satisfied

the *Pioneer* factors because Defendant possesses a meritorious defense; there would be no prejudice to Defendant because setting aside the judgment would have no impact on Plaintiff's ability to try its case on the merits; and Defendant's failure to respond to the Complaint was due to the fact that he was engaged in good faith settlement discussions. *See generally* Mot. at 5–10. Defendant also posits that he was never made aware of the status of the litigation and entry of default by his former counsel, having never received a copy of Plaintiff's Motion for Entry of Final Default Judgment. *Id*. at 9.

Plaintiff counters that Defendant's engagement in settlement negotiations does not excuse him from his obligation to respond to the Complaint and fails to provide relief under Rule 60(b). Resp. at 5–11. Plaintiff relies on this Court's decision in *Jacobs v. Hudson Real Est. Holdings, LLC*, which acknowledged that "[n]either ignorance nor carelessness on the part of a litigant *or his attorney* provide[s] grounds for relief under Rule 60(b)(1)." No. 20-CIV-80911-RAR, 2021 WL 705785, at *3 (S.D. Fla. Feb. 23, 2021) (internal citation omitted). And this Court in *Jacobs* also explained that "Defendants' decision not to file a response based on their belief that settlement negotiations would continue [is] not sufficient for purposes of Rule 60(b)(1)." *Id*. at *4 (citing *Davila v. Alcami Grp., Inc*., No. 12–CIV-23168, 2013 WL 1934168, at *4 (S.D. Fla. May 9, 2013)).

The Court therefore recognizes that case law forecloses Defendant's desired relief under Rule 60(b)(1). However, the Rule 60(b)(6) "catchall" provision permits the Court to exercise its "sound discretion" where "the circumstances are sufficiently extraordinary to warrant relief." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp*., 235 F.3d 1307, 1317 (11th Cir. 2000)). Indeed, this provision "provides a residual equitable authority for vacating judgments[.]" *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). Here, Defendant maintains that the Default Final Judgment is

extraordinarily unjust, given that it is "excessive and inequitable." Reply at 4. Defendant asserts, and the Court found at the Hearing, that the $150,000.00 award was indeed inflated. *Id*.; *see also* Hearing Transcript, [ECF No. 33], 32:16–18. This is premised on the fact that Plaintiff proffered a figure of $499,000.00 for the value of the Vessel and sought to recover approximately 30% of this value. [ECF No. 9]. But Defendant purportedly purchased the Vessel for $205,000,00 and insured it for $234,800.00. Reply at 4–5. After the incident, the Vessel was sold for $60,000, a number which this Court acknowledged at the Hearing "pales in comparison" to the valuation provided by Plaintiff. Hearing Transcript, [ECF No. 33], 40:5–8.

Plaintiff's "justifications for claiming the exorbitantly large salvage award . . . simply do not hold water" where they are disconnected from the scope of the salvage and the actual value of the Vessel. *Offshore Marine Towing, Inc. v. Gismondi*, 504 F. Supp. 3d 1349, 1352 (S.D. Fla. 2020). Here, the Court is compelled to exercise its discretion to vacate the Default Final Judgment award, finding the underlying basis for the award to be flawed. *See, e.g., Saccone v. Carstrada, Inc.*, No. 23-60782-CIV, 2024 WL 5656464, at *4 (S.D. Fla. July 11, 2024) (vacating an award where plaintiff was "attempting to expand the damages available to her."); *Grace v. Rosenstock*, No. 85-CV-2039 (DGT), 2004 WL 5840881, at *9 (E.D.N.Y. Sept. 30, 2004) (vacating an award under Rule 60(b)(6) in part due to the excessiveness of the judgment which "constitutes an extraordinary circumstance and an undue hardship to movants[.]"). The Court acknowledges that vacatur under Rule 60(b)(6) is a remedy to be granted sparingly, and this decision is therefore limited to the facts set forth herein.

Further, in deciding whether Rule 60(b)(6) relief is appropriate, Courts often consider additional factors including "1) whether the previous, erroneous judgment of the court has yet to be executed, for when execution has occurred a concomitantly greater interest in finality exists; 2) whether there has been a lengthy delay before the filing of the Rule 60(b)(6) motion, as the longer

the delay the more intrusive is the effort to upset the finality of the judgment; 3) whether there is a close relationship between the proceeding that gave rise to the change in the law and the proceeding currently before the court, including whether the two proceedings arose out of the same transaction; and 4) whether the case raises concerns of comity between the state and federal courts." *Flexiteek Americas, Inc. v. PlasTEAK, Inc.*, No. 08-60996-CIV, 2012 WL 5364263, at *7 (S.D. Fla. Sept. 10, 2012), *report and recommendation adopted as modified*, No. 08-60996-CIV, 2012 WL 5364247 (S.D. Fla. Oct. 31, 2012) (internal quotations and citations omitted). Here, consideration of these factors counsels in favor of vacating the judgment. The judgment has not yet been executed and there was no delay in filing the Motion—Defendant filed his Motion only two weeks after the Default Final Judgment was issued. *Horton v. Hand*, 785 F. App'x 704, 706 (11th Cir. 2019) (noting Rule 60(b) motions must generally be made within one year of the entry of final judgment). Further, this case raises no concerns of comity between the state and federal courts.

Plaintiff argues that vacatur under Rule 60(b)(6) is inappropriate in light of Defendant's fault in failing to respond to the Complaint while engaged in settlement discussions. Resp. at 16–17. While the Court recognizes that "Rule 60(b)(6) [] does not reward a party that seeks to avoid the consequences of its own free, calculated, deliberate choices," the ruling here is divorced from Defendant's conduct. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1357 (11th Cir. 2014) (internal quotations and citations omitted). Indeed, Courts are directed to "apply subsection (b)(6) only as a means to achieve substantial justice when *something more* than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal quotations and citations omitted) (emphasis added). Here, that "something more" is the fundamentally flawed basis of the salvage award, *not* Defendant's conduct, which, as previously discussed, forecloses relief under Rule 60(b)(1).

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Set Aside Default Final Judgment, [ECF No. 16], is **GRANTED**.

2. **On or before January 30, 2026**, Defendant shall file a response or answer to Plaintiff's Verified Complaint, [ECF No. 1].

3. The parties are directed to prepare and file a joint scheduling report, as required by Local Rule 16.1, by **January 23, 2026**. In addition, by **January 23, 2026**, the parties, including governmental parties, must file Certificates of Interested Parties and Corporate Disclosure Statements that contain a complete list of persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party. Throughout the pendency of the action, the parties are under a continuing obligation to amend, correct, and update the Certificates.

**DONE AND ORDERED** in Miami, Florida, this 11th day of January, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**